NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2094
_____

JOVAN GERARD TOUSSAINT,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A062-888-631)
Immigration Judge:  Jack Weil
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: July 1, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jovan Gerard Toussaint, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming his order of removal. For the following reasons, we will deny the petition.

Toussaint entered the United States as a lawful permanent resident in 2012. In 2020, he was convicted in the Pike County Court of Common Pleas of, inter alia, robbery, in violation of 18 Pa. C.S.A. § 3701(a)(1)(ii), and sentenced to an aggregate 60 months to 12 years' imprisonment. In 2021, the Department of Homeland Security initiated removal proceedings against Toussaint, charging him with several grounds of removability, including under 8 U.S.C. § 1227(a)(2)(A)(iii), for being a non-citizen convicted of an aggravated felony relating to a crime of violence (as defined in 8 U.S.C. § 1101(a)(43)(F)). Toussaint filed a pro se motion to terminate the proceedings, conceding the convictions but contesting all of the charges of removability.

The Immigration Judge (IJ) ordered Toussaint removed as an aggravated felon, concluding, inter alia, that his robbery conviction qualified as both a crime of violence and an aggravated theft under the Immigration and Nationality Act. The BIA affirmed the ruling without opinion.

Toussaint, proceeding pro se, filed a timely petition for review. He challenged, inter alia, the determination that his robbery conviction under § 3701(a)(1)(ii) qualifies as a crime of violence. Because his argument has since been foreclosed by our decision in *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023), and because we can deny his

petition on that basis alone, we need not address his other issues.[1] Specifically, in *Henderson*, we held that a conviction under § 3701(a)(1)(ii)[2] qualifies as a crime of violence because it requires the intentional threatened use of physical force against another. *Henderson*, 80 F.4th at 212-15. Thus, Toussaint was convicted of an aggravated felony, and the BIA did not err in affirming his removal on that basis. Accordingly, we will deny the petition for review.

---

[1] The issue whether Toussaint's Pennsylvania robbery conviction qualifies as a crime of violence is a question of law over which we have jurisdiction and exercise de novo review. *See* 8 U.S.C. § 1252(a)(2)(D); *Aguilar v. Att'y Gen.*, 663 F.3d 692, 695 (3d Cir. 2011).

[2] Pennsylvania's robbery statute is divisible. *See Henderson*, 80 F.4th at 212. And, as Toussaint has admitted, and the Judgment of Sentence confirms, he pleaded guilty to Count I of the information charging him with a violation of § 3701(a)(1)(ii). *See* Appellant's Br. at 9; A.R. at 68-75; *see also United States v. McCants*, 952 F.3d 416, 427 (3d Cir. 2020) (recognizing that, under the "modified categorical approach," we may consult the charging document and judgment of conviction "to determine the subsection upon which the conviction was based").